UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re:                              }
                                    }
LEAH BLACK,                         }   Case No. 11-42344-JJR-13
                                    }
          Debtor.                   }
_____

# OPINION
# *NOT FOR PUBLICATION*

The debtor's amended chapter 13 plan came before the Court for confirmation (Doc. 33). The plan proposes to pay only $2,800 to the debtor's unsecured creditors,[1] after paying administrative expenses, including her attorney's fees, filing fees and the trustee's commission. Attorney's fees and filing fees are to be paid before any distribution to creditors. Thus, approximately half the 36-month commitment period will lapse before creditors will receive anything – assuming the case is not dismissed before then.

The debtor's income is below the applicable median and she is, therefore, eligible for relief under chapter 7 of the Bankruptcy Code without any presumption of abuse. 11 U.S.C. § 707(b). When asked why the debtor had filed her case under chapter 13 and not chapter 7, her counsel replied that the debtor's wages were being garnished and she needed immediate stay protection – a dubious response.[2] More candidly, counsel admitted that the debtor could not pay a lump-sum attorney fee for a chapter 7 case, and needed to "finance" those fees over time in a

---

[1] No secured or priority creditors were scheduled by the debtor.

[2] The automatic stay imposed by Code § 362(a) would have gone into effect when the petition was filed, whether it was filed under chapter 7 or chapter 13.

1

chapter 13 plan.[3] If the latter were the primary reason for this case being filed under chapter 13, it should be dismissed as not being filed in good faith as required under 11 U.S.C. §1325(a)(7), and confirmation of the plan should be denied because it was not proposed in good faith as required by § 1325(a)(3). The essence of chapter 13 is to allow an honest debtor to adjust her debts by paying creditors through a court-approved and supervised plan. Paying legal fees through a chapter 13 plan is permissible and the norm, but it cannot be the paramount reason for a debtor choosing chapter 13 in lieu of chapter 7, especially an under-median-income debtor.[4] When debt adjustment is incidental, whether admittedly or otherwise discernable from the totality of the circumstances, filing a petition for relief under chapter 13 is lacking in good faith.

The court concludes, therefore, that although this debtor was a prime candidate for relief under chapter 7, the predominant reason for filing under chapter 13 was not to adjust her debts, but to finance her attorney's fees. Nonetheless, there is one tenuous argument not raised by counsel that may justify relief under chapter 13. The debtor's automobile may have value in excess of her exemptions, and that non-exempt equity would be recoverable by a chapter 7 trustee. Chapter 13 may legitimately be used to protect the non-exempt value of a debtor's asset so long as plan payments satisfy the best interest of creditors test under § 1325(a)(4).

---

[3] The debtor has below-median income, and would be eligible to seek relief under chapter 7 without any presumption of abuse. Code § 707(b). Relief under chapter 7 would not require the debtor to make any further payments to creditors, but if she wished to do so after receiving a chapter 7 discharge, she may do so. Code § 524(f). Thus, implying that the debtor in this case wished to pay the small proposed dividend to her creditors, rather than paying nothing under chapter 7, is less than genuine and a red herring this Court will not pursue.

[4] By enacting the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Congress intended for most above-median income debtors to seek relief under chapter 13 rather than 7. See, e.g., 11 U.S.C. §§ 707(b) (presumption of abuse applicable to above-median debtors filing under chapter 7); 1325(b)(4) (requiring longer commitment periods for above-median debtors). There is little in BAPCPA that limits below-median income debtors' access to chapter 7 relief.

The debtor was permitted to exempt up to $3,000 of her personal property.[5] In schedule C, her personal property exemptions totaled $3,100 ($100 over the limit), of which $1,950 was taken for her 2003 Chevrolet Trailblazer, which she valued at $4,023 – a plausible valuation. Thus, at least $2,075 of the Trailblazer's value, and perhaps more, is non-exempt, and may be realized by a chapter 7 trustee if he were to elect to liquidate that vehicle. The plan proposes to pay $2,800 to unsecured creditors, more than the non-exempt value of the Trailblazer and enough to satisfy § 1325(a)(4). The Court is familiar with the operations of the chapter 7 trustees in this division, and while it is unlikely they would seek to liquidate the debtor's vehicle for an uncertain and small non-exempt value, if a buyer were readily available, a liquidation of the vehicle is a possibility. The risk is there, and the debtor needs the vehicle to go to work.

The Court remains skeptical, but will nonetheless give the debtor the benefit of the doubt, and confirm her proposed plan.[6] However, the fact remains that the driving force behind this case being filed under chapter 13 was to allow the debtor to finance her attorney's fees. There can be no doubt that if attorney's fees were not an obstacle, the debtor would have elected to file under chapter 7 and avoid a 36-month commitment to make payments under a chapter 13 plan. In light of these circumstances, the order confirming the plan will require a reduction in attorney's fees to $1,000 – the going rate for a simple chapter 7 in this division – and those fees shall be paid contemporaneously and pro rata with creditors' claims over the term of the plan.[7]

---

[5] Ala. Code § 6-10-6.

[6] The court cautions counsel that the court-generated ground for allowing this case to go forward under chapter 13 is not one that will be entertained on a frequent basis, especially for a vehicle of questionable value, as opposed to the more common situation involving equity in a homestead.

[7] As a statistical matter, it is doubtful that the debtor will pay her plan to completion and discharge. In this division, approximately 66% of all chapter 13 cases are dismissed before they are fully paid, and plans such as that proposed in this case, which do not pay home mortgage arrears or claims secured by vehicles, thus protecting against foreclosure and repossession, have

3

A separate order will be entered confirming the plan and reflecting the court's opinion.

Dated: December 16, 2011

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge

---

a dismal prospect of success. If the plan in the case were paid as originally proposed – payment of attorney's fees before any distribution to creditors – the likelihood of creditors receiving any distribution before dismissal would be even more remote. Hence in the confirmation order, attorney's fees and distributions to creditors will be put on an equal footing.

With regard to the reduction in the allowed attorney's fees, the court reached its decision only after reviewing the petition, schedules, plan and other documents filed in this case, and concluded this is was a simple case regardless of whether it was filed under chapter 13 or chapter 7. The only objection to confirmation was raised by the trustee and sua sponte by the court; there were no motions for relief from stay to be defended (there are no secured creditors); no motions to avoid liens pursuant to § 522(f); no motions to value collateral pursuant to § 506; no adversary proceedings to prosecute or defend; and no other complexities that might justify a larger fee. In fact this case avoided dismissal only because the court found a basis – albeit tenuous – for doing so. Nonetheless, if debtor's counsel disagrees with the reduction in fees, a request for an evidentiary hearing on that matter should be filed within 7 days from the entry of the order confirming the plan. If such a request is filed, a hearing for that purpose will be set forthwith. Otherwise after the lapse of 7 days confirmation of the plan will be final.

4